## Harbin v. Cumberland-Perry Vo-Tech

*George F. Douglas, Jr.,* for plaintiffs.
*Daniel K. Deardorff, William F. Martson,* for defendants Cumberland-Perry Vocational-Technical School and Walter Webster.
*Donald J. P. Sweeney,* for defendant White-Rodgers Division of Emerson Electric Co.
*Nevin Stetler,* for Peerless Heater Company, a Division of Peerless Industries, Inc.
*Craig A. Stone,* for Aquatrol, Inc.

HOFFER, *J.,* April 11, 1984—Plaintiffs Gregory Harbin and his mother, Vicki Heilner, bring this negligence action against the various defendants. Plaintiffs allege that Gregory suffered burns when a boiler he was working on in an air conditioning and heating course at Cumberland-Perry Vocational School (C-P V-T) exploded. Plaintiffs' complaint avers that the injuries were either the result of the school's and teacher Webster's negligent care, custody, and control of the boiler, or the result of a dangerous condition of the boiler.

Defendants C-P V-T and Webster filed preliminary objections in the nature of a demurrer and a motion for more specific pleading.

## I. DEMURRER

A demurrer to a complaint asserts that the complaint has not set forth a cause of action upon which

relief can be granted. In reviewing a complaint on demurrer, the court deems admitted all properly pleaded facts, but not conclusions of law. Balsbaugh v. Rowland, 447 Pa. 418, 426, 290 A.2d 85, 87 (1972). Properly pleaded facts are those "material facts on which a cause of action or defense is based" that are stated "in a concise and summary form." Pa. R.C.P. 1019(a).

C-P V-T and Webster maintain that the facts pleaded in plaintiffs' complaint cannot sustain a cause of action against them because they are protected by the Political Subdivision Tort Claims Act of October 5, 1980, as amended, 42 Pa.C.S. §§8541, 8542, and 8545. Section 8541 grants general immunity to local agencies, including school districts, from "liability for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." Section 8542 sets out exceptions to the general immunity granted by §8541. Plaintiffs (joined at argument by Peerless Heater Company) contend that the explosion of the boiler falls into either the exception for the care, custody, or control of real property (§8542(b)(3)) or the exception for dangerous conditions of steam systems owned by local agencies and located within rights-of-way (§8542(b)(5)).

The boiler explosion is not an occurrence that may give rise to the C-P V-T liability under §8542(b)(5). In order for an agency to be liable under the (b)(5) exception, "the facilities of steam, sewer, water, gas or electric systems" that give rise to the injuries must be "located within rights-of-way." A right-of-way is not the property owned by the school district; rather, a right-of-way, in common understanding, is an easement. Lease v. Doll, 485 Pa. 615, 621, 403 A.2d 558, 561 (1979). There

are no facts pleaded in plaintiffs' complaint to indicate that the boiler was located on a right-of-way. Indeed, the logical inference from the facts is that the boiler was located on the school grounds, within the school itself.

The facts pleaded do indicate that the incident falls into the (b)(3) exception from immunity for injuries resulting from negligent "care, custody or control of real property in the possession of the local agency." Although there is no express allegation that the boiler is a fixture in the school, the clear inference from paragraph 12(d) is that the boiler is a fixture and therefore part of the real estate. That the legislature meant the term "real estate" to include fixtures is evidenced by the exclusion of specific fixtures from the coverage of the section. See §8542(b)(3)(ii). If they had not used "real estate" as a term inclusive of fixtures, there would be no need to exclude certain attachments to realty that are fixtures.

Whether the boiler is in fact a fixture and therefore part of the realty may be a question of fact to be decided at trial. We decide only that sufficient facts have been pleaded to bring the cause of action against C-P V-T within the §8542(b)(3) exception to local agency immunity. The complaint in paragraph 12 alleges that the boiler is realty and that the teacher in charge negligently failed to care for that realty. Thus, this is not, as defendants allege, simply a negligent supervison of students case such as Lumadue v. Cumberland Valley School District, no. 3792 Civil 1982 (Cumberland, August 8, 1983). Taking all pleaded facts as true, it falls squarely within the statutory exception for the care, custody or control of real property.

Defendant Webster claims he is also immune from suit. Section 8545 of the act affords immunity

for civil damages to employees of local agencies only to the extent the employing local agency is afforded such immunity. Since we have determined that C-P V-T is subject to liability, defendant Webster is also subject to liability to the same extent as the school. Plaintiffs have properly pleaded that Webster was at all times an employee of C-P V-T and was acting within the scope of his employment.

## II. MOTION FOR MORE SPECIFIC PLEADING

Defendants move for a more specific pleading of plaintiffs' special damages and for a more specific statement of facts on which their cause of action is based. They fail, however, to inform us of the basis for these motions in their brief. Because we find no blatant defects in plaintiffs' complaint, we deny the motion for more specific pleading in accordance with local rule 210.

### ORDER OF COURT

And now, April 11, 1984, for the reasons appearing in the opinion filed this date, defendants' preliminary objections are denied.